IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

HUGHEY & PHILLIPS, LLC
136 EAST COURT STREET
URBANA, OH 43078

    PLAINTIFF,

v.

DIALIGHT CORPORATION
1501 ROUTE 34 SOUTH
FARMINGDALE, NJ 07727

    DEFENDANT.

CASE NO. 3 : 11 CV 134

JUDGE _____

MAGISTRATE JUDGE_____

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff Hughey & Phillips, LLC ("H&P") for its Complaint against Defendant Dialight Corporation ("Dialight") states as follows:

### PARTIES

1.    H&P is an Ohio limited liability company with its principal place of business in Urbana, Ohio. H&P manufactures one of the oldest and leading brands of obstruction lighting in the United States.

2.    Based upon information and belief, Dialight is a corporation organized under the laws of Delaware, with its principal place of business in Farmingdale, New Jersey. Dialight also competes in the obstruction lighting industry.

3.    Based upon information and belief, Dialight is the owner of U.S. Patent No. 7,568,821 (the '821 Patent).

## JURISDICTION AND VENUE

4.  This is a complaint for declaratory judgment under 28 U.S.C. §§ 2201 and 2202. Based on the allegations set forth herein, there exists an actual controversy between the parties as to whether H&P's Horizon™ lighting system with the Eklipse™ optic package infringes the '821 Patent.

5.  This action arises under and relates to the patent laws of the United States, 35 U.S.C. § 1, et seq. Accordingly, this Court has jurisdiction over this Complaint under 28 U.S.C. §§ 1331 and 1338.

6.  Based upon information and belief, Dialight sells product throughout the United States, including Ohio. Dialight lists manufacturing representatives both in Ohio and specifically in the Southern District of Ohio. Dialight also advertises distributors that sell Dialight products in Ohio. As set forth in more detail herein, Dialight has directed communications regarding the '821 Patent to H&P in Urbana Ohio, which falls within the Southern District of Ohio.

7.  Accordingly, Defendant is subject to personal jurisdiction in the State of Ohio, and venue in this district is appropriate under 28 U.S.C. § 1391(b) and (c) and 1400.

## FACTUAL BACKGROUND

8.  Over the past year or so, H&P has been developing a new light emitting diode ("LED")-based obstruction lighting system, which has tentatively been called the Horizon lighting system with the Eklipse optic package (the "Horizon Product"). H&P's new Horizon Product, has an LED mounting angularity that does not fall within any angularity range claimed by Dialight in its '821 Patent. A brochure describing the new Horizon Product is attached hereto as Exhibit A.

9. During the week of February 21, 2011, H&P displayed a prototype of the Horizon Product at the National Association of Tower Erectors (NATE) trade show in Oklahoma City, Oklahoma.

10. During the show, Mr. David Jennings, Dialight's Vice President of Sales, visited the H&P booth and inquired about the prototype. Mr. Jennings attempted to photograph the prototype of the Horizon Product but was stopped by Mr. Jeff Jacobs of H&P, as the taking of photographs at the NATE show is prohibited unless the photographs are of a vendor's own product.

11. On March 17, 2011, Steven Schneider, President of H&P, received a letter dated March 15, 2011 from Mr. Roy Burton, Chief Executive Officer of Dialight, via FedEx mail. In the letter Mr. Burton indicated that Dialight was the owner of the '821 Patent. Mr. Burton asked that H&P carefully review the '821 Patent, and then give Mr. Burton a call.

12. On March 31, 2011, Mr. Schneider, spoke via telephone with Mr. Burton in response to his letter of March 15, 2011. During the call, Mr. Burton suggested that in its new prototype, H&P had merely reversed the optics of the '821 Patent, and that the new Horizon Product infringed the '821 Patent.

13. Mr. Schneider responded that H&P employs an engineering staff with extensive experience in the field of lighting and optics, and that Charles Roudeski, Chief Engineer of H&P, had compared the optics of the new Horizon Product with the claims of the '821 Patent and concluded that the '821 Patent was not infringed by the Horizon Product. Mr. Burton suggested a meeting between the H&P and Dialight engineers to discuss the Horizon Product.

14. On or about April 12, 2011, representatives of H&P met with representatives of Dialight in an effort to convince Dialight that the Horizon Product did not infringe the '821 Patent.

15. During the meeting of April 12, 2011, Mr. Schneider asked whether Dialight was of the opinion that the Horizon Product infringed the '821 Patent. A representative of Dialight, John Peck, expressed his dissatisfaction with the unavailability of a sample of H&P's new Horizon Product and related engineering data. Notwithstanding, Mr. Peck stated that he personally believed that H&P's new Horizon Product infringed at least Claim 1 of the '821 Patent.

16. Unable to convince the Dialight representatives that the Horizon Product did not infringe the '821 Patent, Mr. Schneider terminated the meeting.

## CLAIM FOR DECLARATORY JUDGMENT

17. H&P realleges and restates paragraphs 1-16 as if fully rewritten herein.

18. Dialight has asserted that the prototype for H&P's new Horizon Product infringes its '821 Patent.

19. H&P has incurred significant time and expense in developing the prototype for its new Horizon Product and in developing its plans to manufacture and market products based on the Horizon Product prototype. Dialight's assertions that the Horizon Product infringes the '821 Patent have caused, and will continue to cause, damage to H&P, and create a significant cloud of uncertainty over H&P's plans to manufacture and market products based on the Horizon Product prototype.

20. An actual controversy exists between the parties with regard to the scope of the '821 Patent, and whether H&P's new Horizon Product infringes upon the '821 Patent.

WHEREFORE, H&P prays for relief against Dialight as follows:

A.  A declaratory judgment that H&P's new Horizon Product, characterized by an LED mounting angularity that does not fall within any range claimed by Dialight in its '821 Patent, at least for this reason, is not read upon by the claims in the '821 Patent, and consequently does not infringe the same;

B.  That H&P recover its attorneys' fees and other costs of suit; and

C.  Such other relief as the Court deems just and proper.

Respectfully submitted,

_/s/ Robert G. Schuler_

Robert G. Schuler  (0039258)
Trial Attorney
Stephen C. Barsotti  (0075038)
KEGLER, BROWN, HILL & RITTER
A Legal Professional Association
65 E. State Street, Suite 1800
Columbus, Ohio 43215
(614) 462-5400
rschuler@keglerbrown.com
sbarsotti@keglerbrown.com


_/s/ James R. Eley /R.G.S. telephone authority_

James R. Eley  (0046646)
*Eley Law Firm Co.*
7870 Olentangy River Rd, Suite 311
Columbus, OH 43235-1319
(614) 825-3539 phone
*patents@eleylaw.com*

Counsel for Plaintiff

# HORIZON™ SERIES

EXHIBIT A

## Dual Medium Intensity LED Strobe System





### Description:

The Horizon™ Dual Medium Intensity LED Strobe System provides daytime white and nighttime red lights in one unit. Its self-contained power supply, with available GPS sync and day/night sensor, simplifies wiring but also accepts external signals if desired. Advanced features include advanced LED modules, cutting edge optics, individual LED monitoring/bypass, and active lightning protection (patent pending). The unit also monitors the system and provides a NO or NC alarm contact upon any system failure

### Application:

Medium intensity obstruction lighting systems are typically used on structures between 150' (45m) and 500' (150m) above ground level to provide aviation safety. The use of a medium intensity white strobe during the daytime typically eliminates the need to paint the structure with aviation orange and white stripes. The use of a red flashing beacon at night provides a "community friendly" light. Hughey & Phillips medium intensity obstruction lights are designed for lighting tall structures such as communication, television and radio towers, wind turbines, smokestacks, cooling towers, tall buildings, catenary river crossings and bridges

FAA Type: L-864/865
Medium Intensity Lighting

ICAO Type: Type A/B Medium Intensity Obstacle Light

ETL Certified.
FAA Advisory Circular 150/5345-43F (pending)

Compliant to:
ICAO Annex 14,
MIL-C-7989 DGAC of Mexico
CAR 621.19

| FEATURES | BENEFITS |
|---|---|
| Original Equipment Manufacturer | • Designed, engineered and manufactured by Hughey & Phillips |
| | • One source for fixtures and complete lighting systems |
| Single Flashhead construction | • Compact design for dual (red/white) operation |
| Failsafe Redundancy | • Automatic switching for nighttime redundancy of dual systems |
| Wiring Compatibility | • Existing wiring can be used for retrofit applications |
| | • Environmentally sealed connector |
| | • Fewest number of control wiring on the market |
| Interchangeable LED Modules | • Single screw access |
| | • Built-in Safety interlock switch |
| | • Fully field serviceable unit |
| Cutting Edge Optics design | • H&P exclusively designed 'Eklipse' optics package |
| | • Community friendly lighting system |
| Lightest Flashhead | • 17 lbs |
| | • Ease of handling and installation |
| Universal Input | • Operating voltage of 95-277 VAC, 50/60Hz |

## Specifications:

**Unit Weight:** 17 lbs (7.7kg)
**Supply Voltage:** 95-277 VAC 50/60Hz    Universal Input
**Average Power:** 26 Watts Day, 15 Watts Night
**Operating Temperature:** -40° to +55° C (-40° to 131° F)

## Dimensions:

12.72
9.31
15.00
90°
120°
120°
90°
HORIZON
0.69 x 0.81 (17.5 x 20.7) SLOT (6 PLACES) ON 13.25" BOLT HOLE CIRCLE



HUGHEY H&P PHILLIPS

136 E. Court Street
Urbana, Ohio 43078
937-652-3500
937-652-3508 Fax
877-286-4466

www.hugheyandphillips.com